# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TIMOTHY WASHINGTON (#101140)**                                      **CIVIL ACTION**

**VERSUS**

**22-84-SDD-RLB**

**JON BEL EDWARDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 24, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY WASHINGTON (#101140)                    CIVIL ACTION

VERSUS

                                                22-84-SDD-RLB

JON BEL EDWARDS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Dixon Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants complaining that his constitutional rights have been violated due to deliberate indifference to his health and safety. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On December 12, 2020, the plaintiff was served a carton of Kleinpeter milk in the main chow hall. After drinking the milk, the plaintiff began experiencing urinary and digestive symptoms. The plaintiff had to occasionally wear adult absorbent products due to the continuing effects from the milk. The carton of milk was photographed, and the plaintiff retained the carton. However, no testing was done on the carton to determine the cause of the plaintiff's symptoms.

The plaintiff's Complaint fails to state a claim upon which relief may be granted. The plaintiff alleges that he became ill after drinking presumably spoiled or adulterated milk served to him in the chow hall. To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner must show that a state actor acted with deliberate indifference, a knowing disregard, to a substantial risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994).

First, a single incident of food poisoning does not constitute a violation of the constitutional rights of the prisoner affected. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010); *George v. King*, 837 F.2d 705 (5th Cir. 1988) (single incident of unintended food

poisoning, whether suffered by one or many prisoners, did not constitute violation of constitutional rights even though incident allegedly resulted from known custom "whereby foods prepared days earlier are stored for future serving").

Moreover, the plaintiff does not allege any knowing or intentional conduct by any defendant as to the food poisoning incident. At best, the plaintiff's claim is one of negligence concerning food poisoning, and mere negligence is not actionable under § 1983. *See Daniels v. Williams, 474 U.S. 327, 328 (1986)*.

With respect to the subsequent failure to inspect the milk carton to ascertain the cause of the plaintiff's symptoms, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). An inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The plaintiff has made no such allegations with regards to any defendant in this matter. The plaintiff has not alleged that the failure to inspect the milk carton had any bearing on his medical care.

Additionally, the plaintiff's claims are factually frivolous. In *Hooks v. Dallas County Sheriff*, 988 So.2d. 1213 (5th Cir. 1993), the plaintiff claimed to have suffered internal damage from one serving of bad peas. The Court deemed the plaintiff's allegations to be factually frivolous, finding that, "It is more than just unlikely, it is "wholly incredible" that eating one serving of bad peas could cause the internal damage of which he complains." In the instant matter is likewise wholly incredible that the plaintiff sustained the long-term damage he alleges from one serving of bad milk.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on August 24, 2022.

_____
RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."